UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RANDALL EUGENE JONES,

    Plaintiff,

v.                                       Case No. 8:24-cv-72-KKM-SPF

KYLE EVERETT BURCH; HIRSCHBACH
MOTOR LINES, INC.,

    Defendants.
_____/

## ORDER

    This cause comes before the Court upon Plaintiff's Motion to Compel Better Responses to Plaintiff's Request to Produce (Doc. 30). Defendant Hirschbach Motor Lines, Inc. filed a Response in Opposition to Plaintiff's Motion (Doc. 37). Upon consideration, the Court finds that Plaintiff's Motion should be GRANTED.

    Plaintiff initiated this action against Defendant for alleged personal injuries resulting from a motor vehicle accident (Doc. 1-1). On December 8, 2023, Plaintiff served his Request to Produce on Defendant. Plaintiff's Request No. 26 stated, "If the tractor was equipped with any on-board audio or video recording or monitoring device and/or any other driver or driver safety monitoring system, please produce everything that was retrieved or could be retrieved from such devices and systems." Defendant responded to this Request as follows:

> Hirschbach is in possession of Lytx videos which are protected from disclosure by the work product doctrine. See Hirschbach's Privilege Log. Beyond this, Hirschbach objects to this request because it is overbroad, vague and ambiguous. Due to its overbreadth, vagueness, and ambiguity, Hirschbach cannot determine whether this request asks for information that is protected from disclosure by the work product doctrine, consulting expert privilege and attorney client privilege, and therefore, also objects on these grounds.

(Doc. 37-1 at 13).

Plaintiff asks the Court to overrule Defendant's objections and compel Defendant to produce the videos to Plaintiff as they are substantive evidence that were not created in anticipation of litigation. Defendant maintains its objections and further responds that, on August 13, 2024, it filed a Notice of Admission of Negligence of Driver (Doc. 25), therefore leaving only causation and damages as issues to be determined by the jury. As a result, Defendant argues that the information in the videos is not relevant to any claim or defense, and is not proportional to the needs of the case.

First, the Court finds Defendant has not met its burden of establishing that the dash cam videos are protected by the work-product privilege. The work product doctrine protects from disclosure "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Rule 26(b)(3)(A). Whether information qualifies for work product protections depends upon why and when it was created and typically applies "only to documents prepared principally or exclusively to assist in anticipated or ongoing litigation." *CSK Transp., Inc. v. Admiral Ins. Co.*, No. 93-132-CIV-J-10, 1995 WL 855421, at *2 (M.D. Fla. July 20, 1995)). It does not "protect materials or documents drafted or created in the ordinary course of business." *Tucker v. Cinemark USA, Inc.*, No. 6:18-cv-542-Orl-40TBS, 2018 WL 11466153, *1 (M.D. Fla. July 16, 2018). The party asserting work product protection bears the burden to show that it applies to the information in question. *Id.*

Here, there is nothing in the record to suggest that Defendant created the requested videos in anticipation of litigation. And most courts addressing the issue have determined that "videos of an accident captured by a defendant's surveillance system are not protected by

2

the work product doctrine because they are created in the ordinary course of business and not in anticipation of litigation." *Willard v. Richardson*, No. 5:23-cv-735-JSM-PRL, 2024 WL 3205145, at \*2 (M.D. Fla. June 27, 2024) ("Defendants have failed to meet their burden of demonstrating that the dash cam video footage should be protected from disclosure as work-product."); *see also Leo v. Main Event Entm't, LP*, No. 6:19-cv-1006-Orl-78LRH, 2020 WL 13368587, at \*2 (M.D. Fla. March 27, 2020) ("Defendant's practice of preserving video footage of accidents that occur on its property in anticipation of litigation . . . does not transform the video into protected work-product."); *Sowell v. Target Corp.*, No. 5:14-cv-93-RS-GRJ, 2014 WL 2208058, at \*3 (N.D. Fla. May 28, 2014) (holding that "the mere act of preserving the tape—as opposed to creating the original recording—is not sufficient to transform a document created in the ordinary course of business into work product protected from disclosure").  As a result, Defendant has failed to meet its burden of establishing that the video footage should be protected from disclosure as work product.

The Court also finds that Defendant's remaining objections qualify as improper boilerplate objections.  Objections that merely state "vague," "overly broad," or "unduly burdensome" are improper without an accompanying explanation of the specific grounds for the objection.  *See Spencer v. City of Orlando, Fla.*, No. 6:15-cv-345-Orl-37TBS, 2016 WL 397935, at \*2 (M.D. Fla. Feb. 2, 2016) ("Objections stating that a request is 'vague,' 'overly broad,' or 'unduly burdensome' are meaningless standing alone.") (citations omitted); *see also Zurich Am. Ins. Co. v. Hardin*, No. 8:14-CV-775-T-23AAS, 2019 WL 3082608, at \*4 (M.D. Fla. July 15, 2019) ("Boilerplate or general objections constitute a waiver of the objections to the discovery sought."); *Miner, Ltd v. Keck*, No. 619CV722ORL41TBS, 2019 WL 2869063, at \*2 (M.D. Fla. Jul. 3, 2019).  In other words, "[a] party objecting on these grounds must explain

3

its reasoning in a specific and particularized way." *Martin v. Zale Del., Inc.*, No. 8:08-CV-47-T-27EAJ, 2008 WL 5255555, at *1 (M.D. Fla. Dec. 15, 2008). Because Defendant's objections fail to include the requisite explanation, they are deemed waived. *Cf. Panola Land Buyer's Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985) (noting that it is an abuse of discretion to grant a motion for protective order where the "recitation of expense and burdensomeness are merely conclusory").

Finally, the Court finds Defendant's post-hoc justification that the video is not relevant because it has admitted negligence to be unavailing. First, "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Moreover, "[r]elevancy for purposes of Rule 26(b)(1) requires flexible treatment, and, as a whole, the federal discovery rules are to be construed broadly and liberally." *Davidson v. City of Opelika*, No. 3:14-cv-323-WKW, 2015 WL 2237455, at *1 (M.D. Ala. May 12, 2015) (quotations and citations omitted); *see also id.* at *1–2 (allowing issuance of subpoena for video interview footage despite plaintiff's argument that video was irrelevant and cumulative given plaintiff's admission that he lied during the interview). In addition, any video footage of the accident is not only relevant to any alleged negligence but likely also relevant to the issues of causation and damages. "At the very least, [Plaintiff has] shown that the video is 'relevant to the subject matter' of this action[.]" *Id.* at 2.

Accordingly, it is hereby **ORDERED**:

Plaintiff's Motion to Compel Better Responses to Plaintiff's Request to Produce (Doc. 30) is **GRANTED**. Defendant Hirschbach Motor Lines, Inc. shall serve Plaintiff with the requested discovery within 21 days of the date of this Order.

4

**ORDERED** in Tampa, Florida, September 24, 2024.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE