UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RANDALL EUGENE JONES,

Plaintiff,

v. Case No. 8:24-cv-72-JLB-SPF

KYLE EVERETT BURCH and
HIRSCHBACH MOTOR LINES, INC.,

Defendants.
_______________________________________/

**ORDER**

Before the Court are Defendants' Motions *in Limine* to exclude photographs and video footage of the motor vehicle accident (Doc. 84), exclude evidence of Defendant Kyle Burch's past drug use, gaming habits, and ADHD diagnosis (Doc. 85), and exclude any evidence or testimony regarding Plaintiff's financial status (Doc. 86). Plaintiff has filed responses in opposition to all three motions (Docs. 88–90). For the reasons stated herein, Defendants' motions are granted in part and denied in part.

## I. Factual Background

This is a personal injury action arising from a motor vehicle accident that occurred on March 7, 2023. (Doc. 1-1). At the time of the accident, Defendant Kyle Burch ("Burch") was driving a vehicle owned by Defendant Hirschbach Motor Lines, Inc. which collided with another vehicle containing Plaintiff. (Doc. 1-1, ¶¶ 7–9; Doc. 85 at 2). Plaintiff filed his Complaint in the Twelfth Judicial Circuit in and for Manatee County, Florida. (Doc. 1-1). The matter was subsequently removed to this District on January 5, 2024. (Doc. 1). On August 13, 2024, Defendants filed a Notice of Admission of Negligence, admitting Burch's

negligence in causing the accident. (Doc. 25). Defendants continue to dispute causation and damages. (*Id.*).

## II. Legal Standard

The Court has broad discretion in determining the admissibility of evidence. *United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998). The purpose of a motion *in limine* is to give the trial judge notice of the movant's position to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial. *Stewart v. Hooters of Am., Inc.,* 2007 WL 1752873 *1 (M.D. Fla. June 18, 2007). Motions *in limine* are disfavored; if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context. *Amegy Bank Nat. Ass'n v. DB Priv. Wealth Mortg., Ltd.*, 2014 WL 791505, at *1 (M.D. Fla. Feb. 24, 2014). An order on a motion *in limine* remains subject to reconsideration by the court throughout the trial. *Stewart*, 2007 WL 1752873, at *1 (citations omitted).

## III. Analysis

### A. Accident Photographs and Video Footage

Defendants argue that any pictures and video footage of the accident should be excluded as irrelevant under Rule 401 because Defendants have already admitted negligence, and Plaintiff's experts do not connect the accident's physical forces to Plaintiff's claimed injuries. (Doc. 84 at 5–6). Defendants further maintain that even if the evidence is found relevant, it should be excluded under Rule 403 because such evidence is "inherently inflammatory" and would cause the jury to speculate. (*Id.* at 6–8). In response, Plaintiff maintains that the crash photos and video footage are relevant to causation and damages, are

not unfairly prejudicial, and are independently admissible under Florida case law.[1] (Doc. 88 at 2–6).

Under Federal Rule of Evidence 401, evidence "that has any tendency to make a fact [of consequence] more or less probable than it would be without the evidence" is relevant and admissible. Notably, relevance is a low bar. *S. Grande View Dev. Co., Inc. v. City of Alabaster*, Ala., 1 F.4th 1299, 1309 (11th Cir. 2021) ("[T]he standard for what constitutes relevant evidence is a low one.") (quoting *U.S. v. Tinoco*, 304 F.3d 1088, 1120 (11th Cir. 2002)). However, under Rule 403, a court may exclude relevant evidence if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Here, because causation and damages are contested, the mechanics of the crash and any resulting potential for injury is still at issue. Accordingly, the Court finds that the crash photographs and video are relevant as they aid in depicting the details of the collision. *See Piamba Cortes*, 177 F.3d at 1306 (adapting the premise under Florida law that "when computing damages for pain and suffering endured by a plaintiff, in most instances evidence describing the details of an accident is logically relevant and admissible, even where liability has been admitted, to place the extent of injuries suffered by the plaintiff, as well as the degree of pain endured, in the proper context.") (quotations omitted). Moreover, the Court does not find that the probative value of these images is substantially outweighed by the danger that the jury may be misled. Though Defendants cite concerns that exposure to this imagery will

[1] "The admissibility of evidence in a federal action is governed by the Federal Rules of Evidence, not state law. Nonetheless, state law may assist in defining what evidence is material to an issue." *Piamba Cortes v. Am. Airlines, Inc.*, 177 F.3d 1272, 1306 (11th Cir. 1999) (citations removed).

cause jurors to "make a determination of causation on an emotional basis rather than an objective one" (Doc. 84 at 7), the Court does not find that such speculation outweighs the probative value of the evidence.

**B. Evidence of past drug use, gaming habits, and ADHD diagnosis**

Defendants ask this Court to exclude all evidence of Defendant Burch's past drug use, video-gaming habits, and ADHD under Federal Rules of Evidence 401, 403, and 404. (Doc. 85). Defendants maintain that such evidence is wholly irrelevant under Rule 401 because Defendants have admitted negligence and improper character evidence under Rule 404. (Doc. 85 at 4–8). Defendants further argue that admitting this evidence would unfairly prejudice Defendants and mislead the jury. (Doc. 85 at 6–7). In response, Plaintiff maintains that he does not intend to use the challenged evidence as improper character evidence or evidence of liability but argues that a blanket exclusion of this evidence is premature because Defendants may "open the door" to its admissibility under Federal Rules of Evidence 607 and 613. (Doc. 89 at 3).

Evidence of an individual's character or character trait is prohibited if it is used to show that in a particular situation the individual acted in accordance with that trait. Fed R. Evid. 404(a)(1). Moreover, evidence of a crime, wrong, or act may not be used to demonstrate an individual's character and show that in a particular situation the individual acted in accordance with their character. Fed. R. Evid. 404(b)(1). However, character evidence is permitted for impeachment purposes under Federal Rules of Evidence 607 and 613.

Here, the Court agrees with Plaintiff that a blanket exclusion of the challenged evidence is improper at this juncture. Accordingly, the Court grants Plaintiff's motion to the extent that the challenged evidence is offered as evidence of liability or a means of introducing

improper character evidence under Rule 404 but denies the motion without prejudice to the extent such evidence is offered for impeachment purposes under Rules 607 and 613.

### C. Testimony Regarding Plaintiff's Financial Status

Defendant maintains that this Court should exclude all evidence and testimony regarding Plaintiff's financial status as wholly irrelevant and admissible under Rules 401 and 403. (Doc. 86). In response, Plaintiff acknowledges that broad "poverty pleas" are impermissible but argues that a blanket prohibition on this evidence would prevent Plaintiff from presenting evidence which directly bears on his damages, including but not limited to, Plaintiff's inability to hire assistance for household services he previously performed himself; Plaintiff's continued performance of painful activities out of necessity; and the real-world context of Plaintiff's medical decision-making. (Doc. 90 at 1–2).

In *Brough v. Imperial Sterling Ltd.*, the case cited by Defendants, the Eleventh Circuit acknowledged that general evidence of a party's net worth or financial status is typically inadmissible. 297 F.3d 1172, 1178 (11th Cir. 2002). However, the Court went on to find that "several of the challenged evidentiary admissions [concerning financial status] involved evidence that was probative to one or more issues in the case, and therefore we find no error in its admission." *Id.* at 1179. Here, the Court finds that the financial status evidence sought to be excluded by Defendants is relevant to the issue of damages in this matter and therefore denies the motion without prejudice.

## IV. Conclusion

Accordingly, it is **ORDERED:**

1. Defendants' Motion *in Limine* to exclude photographs and video footage of the motor vehicle accident (Doc. 84) is DENIED WIHTOUT PREJUDICE.

2. Defendants' Motion *in Limine* to exclude evidence of Defendant Kyle Burch's past drug use, gaming habits, and ADHD diagnosis (Doc. 85) is GRANTED to the extent the challenged evidence is offered as evidence of liability or a means of introducing improper character evidence but DENIED WITHOUT PREJUDICE to the extent such evidence is offered for impeachment purposes.
3. Defendants' Motion *in Limine* to exclude any evidence or testimony regarding Plaintiff's financial status (Doc. 86) is DENED WITHOUT PREJUDICE.

**ORDERED** in Tampa, Florida, on September 30, 2026.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE